ELIZABETH KENT COSMETICS, INC., d/b/a Elizabeth Kent and Elizabeth Kent Co., Appellant,

v.

G. B. KENT & SONS, LTD. and Cosby Brush & Import Co., Inc., Appellees.

Patent Appeal No. 6850.

United States Court of Customs and Patent Appeals.

Nov. 14, 1962.

Alfred E. Page, New York City (Blum, Moscovitz, Friedman & Blum, Martin J. Beran, New York City, of counsel), for appellant.

Milton N. Mound, New York City (Mound, Isaacs & Greenburg, New York City, of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge JOSEPH R. JACKSON, Retired.

RICH, Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board (130 USPQ 116) sustaining an opposition to the granting of registration on application Ser. No. 55,486, filed July 17, 1958, to register "ELIZABETH KENT" for cologne, lipsticks, home permanent pin curl lotions, and leg make-up.

Opposers are G. B. Kent & Sons, Ltd., an English corporation with offices in London, England, and Cosby Brush & Import Co., Inc., a New York corporation, its subsidiary and distributor of its products in the United States.

G. B. Kent & Sons and its predecessors have been in the brush business since 1777 and have sold brushes in the United States since 1878 under the trademark "KENT." Opposers here rely on two registrations, one of the trademark "KENT" alone and the other of the same in association with a crown design, Reg. Nos. 280,-509 and 417,568 for various kinds of brushes, including brushes in the toilet goods field, namely, toothbrushes, hairbrushes, bath brushes, shaving brushes, complexion brushes, and nail brushes.

The board held that complexion brushes and nail brushes and applicant's cosmetic products are toilet goods normally traded over the same counters in drug and department stores to the same class of purchasers and that it would be logical to suppose that purchasers would be likely to attribute common origin to them if sold under the same or similar marks. Speaking of the marks, the board said:

"The term 'KENT' is the sole feature of one of G. B. Kent's registrations and the dominant feature of the other, and considering that this term likewise constitutes an essential, if not the most distinctive feature of applicant's mark, it is con-

cluded that there is at least a reasonable likelihood of confusion in trade."

On this basis it sustained the opposition. We cannot find any clear error in this unanimous conclusion of the board and appellant has not convinced us that there is any.

■ Appellant has pointed to every possible difference in the goods and in the marks, arguing in particular and with repetition that the goods are "not of the same descriptive properties." That fact ceased to be of any importance with the coming into effect of the Lanham Act in 1947 (15 U.S.C. 1051 et seq.).[1]

Appellant has also quoted at length, and as appellee says, with some relish, from the opinion of the District Court for the Southern District of New York in G. B. Kent & Sons, Ltd. v. P. Lorillard Co., D.C., 114 F.Supp. 621 (1953). That suit was an attempt to enjoin the defendant from using "KENT" on cigarettes. Injunction was refused. Appellant appears to be trying, by extracts from the opinion, to create the impression that the court held that the trademark "KENT" and "KENT" brushes were not well known to the "consuming public," or the "purchasing public." The inference is unjustified. At the outset of the opinion the court said:

"Unquestionably plaintiff [G. B. Kent & Sons] has attained a world-wide reputation in the field of brush-es; it has built up a substantial good will in the name 'Kent' and has imbued it with a secondary meaning as to the products plaintiff manufactures."

This must be balanced against the passage quoted by appellant to the effect that "KENT" is not to be equated, as a trademark, with such household names "as Ford, Tiffany, DuPont or Bulova." The court did not say that "KENT" brushes were not known to the consuming public. It said they were sold to a select clientele and are unknown to "the mass purchasing public." For this and for several other reasons it was held that P. Lorillard Co. was not likely to cause confusion in trade by selling "KENT" cigarettes. In the instant situation, however, opposers' brushes and appellant's cosmetics overlap to a considerable extent in the toilet goods field, which is not true of brushes and cigarettes. See Purex Corporation, Ltd. v. Maryland Paper Products Co., 48 CCPA 848, 287 F.2d 186.

■ We have considered the other cases cited and discussed by appellant but do not consider any of them to be persuasive that the board's conclusion that there is likelihood of confusion is wrong.

The decision of the board is affirmed.

Affirmed.

MARTIN, J., concurs in result only.

---

[1]. As everyone familiar with the evolution of trademark law knows, the phrase "of the same descriptive properties," which appeared in Sec. 5, par. 1b of the Trademark Act of 1905, was so construed, particularly by this court, as to lose entirely its apparent literal meaning, and was omitted from the Trademark Act of 1946 in the corresponding section 2 (d). For the history of the construction of this clause of the 1905 Act, see Derenberg, Trade-Mark Protection and Unfair Trading, Section 34, pp. 397–408.